# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO SANDOVAL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DIAZ, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01314-NONE-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS<br>(ECF No. 18)<br><br>ORDER GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT<br><br>**SIXTY (60) DAY DEADLINE** |

Plaintiff Julio Sandoval ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On November 24, 2020, the Court screened the complaint and granted Plaintiff leave to file a first amended complaint within thirty days. (ECF No. 17.)

Currently before the Court is Plaintiff's motion for a stay of proceedings, filed December 9, 2020. (ECF No. 18.) Plaintiff states that he received the Court's screening order on December 2, 2020, but he needs 70 days to amend his complaint. Plaintiff states that he is in quarantine due to COVID-19, and at this time has no access to the law library. Plaintiff has been informed that all the law libraries are closed for the moment, and Plaintiff does not know when he will come out of quarantine or when regular access to the courts will be opened. (Id.)

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North

American Co., 299 U.S. 248, 254 (1936)).  "Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066–67 (9th Cir. 2007).  If a stay is especially long or its term is indefinite, a greater showing is required to justify it. Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000).  The party seeking the stay bears the burden of establishing the need to stay the action.  Clinton, 520 U.S. at 708.

Here, Plaintiff has not carried his burden of establishing the need to stay this action. However, the Court finds it appropriate to grant an extension of time for Plaintiff to prepare and file his amended complaint.  The Court finds that in this instance, an extension of sixty (60) days is appropriate.  If Plaintiff finds that he is still in quarantine and without access to the law library at his institution, it would be more appropriate for him to file a motion seeking another extension of this deadline, rather than a stay of the case. Plaintiff is reminded that the standards for pleading a cognizable claim were provided to him in the screening order.

Accordingly, Plaintiff's motion for stay, (ECF No. 18), is HEREBY DENIED.  Within **sixty (60) days** from the date of service of this order, Plaintiff shall file a first amended complaint (or a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i)).  **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and failure to state a claim.**

IT IS SO ORDERED.

Dated:   **December 11, 2020**          /s/ *Barbara A. McAuliffe*          
                                                          UNITED STATES MAGISTRATE JUDGE

2