# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO SANDOVAL,<br><br>        Plaintiff,<br><br>    v.<br><br>DIAZ, *et al.*,<br><br>        Defendants. | Case No.  1:20-cv-01314-NONE-BAM (PC)<br><br>ORDER DENYING SECOND MOTION TO APPOINT COUNSEL<br><br>(ECF No. 21) |

      Plaintiff Julio Sandoval ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

      Currently before the Court is Plaintiff's second motion to appoint counsel, filed March 1, 2021.  (ECF No. 21.)  In his motion, Plaintiff states that he is unable to afford counsel and his imprisonment will greatly limit his ability to litigate properly.  Plaintiff argues that the issues involved in this case are complex and will require significant research and investigation, and prison conditions limit his access to the law library.  Plaintiff alleges that he has faced duress, meddling with his mail and has been obstructed in obtaining information and mail pertaining to the instant action.  (Id.)

      As Plaintiff has been informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners who are proceeding *pro se* almost daily. Many of these prisoners also have limited access to legal resources. These litigants also must conduct legal research and litigate their cases without the assistance of counsel. If Plaintiff continues to experience difficulty accessing the law library at his institution or receiving mail pertaining to the instant case, and this difficulty prevents him from meeting a specific deadline in this case, Plaintiff may file a motion requesting an extension of that specific deadline and explain the reasons why he needs the extension.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not yet been screened, and therefore the Court cannot evaluate the likelihood of success on the merits. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's second motion to appoint counsel, (ECF No. 21), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **March 2, 2021**          /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE

2