# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO SANDOVAL,<br><br>                    Plaintiff,<br><br>     v.<br><br>DIAZ, *et al.*,<br><br>                    Defendants. | Case No. 1:20-cv-01314-NONE-BAM (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 20)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Julio Sandoval ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on September 14, 2020, was screened and Plaintiff was granted leave to amend. Plaintiff's first amended complaint, filed on February 2, 2021, is currently before the Court for screening. (ECF No. 20.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

Plaintiff is currently housed at California Substance Abuse Treatment Facility in Corcoran, California.  The events in the complaint are alleged to have occurred at California Correctional Institute ("CCI").  Plaintiff names the following defendants: (1) Ralph M. Diaz, Director, (2) William Joe Sullivan, Warden C.C.I., (3) A. Murillo, Correctional Officer, (4) Ramirez, Correctional Officer, (5) K. Bert, Correctional Officer, (6) J. Diaz, Correctional Officer, (7) J. Tyree, Correctional Officer, (8) R. Johnson, Sergeant, (9) I. Garza, Correctional Officer, and (10) G. Garcia, Correctional Officer.  Each defendant is sued in their individual capacity.

Plaintiff appears to complain about a failure to protect, although the allegations are far from clear.[1]  As best the Court can distill from the conclusory allegations, Plaintiff alleges as follows.  Plaintiff was classified by a classification committee, consisting of I. Garza and G. Garcia, to a double cell and eliminated his single cell status, which he had from 8/2/2017.

---

[1] The Court bases this assumption on the original complaint's allegations which attempted to allege a failure to protect when Plaintiff's cellmate attacked and injured Plaintiff.  However, the first amended complaint, which supersedes the original complaint, does not allege an attack by a cellmate.

2

Plaintiff told them that he did not feel safe and wanted to remain single celled due to the kite's content.[2]   Defendants Garza and Garcia refused to single cell him and told him "don't worry we're going to give you a nice warm cozy celly." Plaintiff told them that if his life came into danger, he will hold them responsible.  Plaintiff warned them and "served them with a notice of terms and conditions."[3]

On July 24, 2017, Plaintiff was placed in administrative segregation ("ASU") for a kite (written note) saying "we know waz up with you better bounce or we will stabb and beat the shit out of you and if not you will get it soon!" (unedited text).  He had inmates "hit him up" to drop his appeals and he said no, which was the reason Plaintiff believes he got the kites.  Plaintiff gave the kite to non-party Correctional Officer Haro and Plaintiff was placed in ASU.

At the committee meeting after being taken to ASU, Plaintiff told them he did not feel safe and said the threats need to be investigated.  Plaintiff filed an appeal #17-02070 where Plaintiff "served them a contract as my life was under duress."  Plaintiff did not agree with the decision of the committee to leave him in ASU for 90 days while the investigate continued, so he appealed.  Plaintiff put his life in danger by appealing for retaliation by staff for the appeal.  Plaintiff's appeal went missing so he appealed the missing appeal in Appeal #17-02558.  A. Murillo, K. Burt, and J. Ramirez lost his appeal.

On August 22, 2017, his cell was searched and some of his property was discarded (toothpaste, brush, deodorant). Plaintiff asked for a cell search slip because he was at yard when the cell was searched.  A. Murillo took Plaintiff out of Plaintiff's cell and was taken to C-section.  Plaintiff was surrounded by K. Bert, J. Ramirez and A. Murillo.  A. Murillo put pressure on his back arm as Plaintiff was cuffed up and shackled with arms behind his back.  A. Murillo lifted

---

[2] Plaintiff does not explain what the kite (written note) said or the circumstances surrounding the kite. It is probable that there were two kites because Plaintiff alleges a "second" kite.

[3] Plaintiff attaches as Exhibit A to the first amended complaint a document Plaintiff refers to as Notice of Terms. Exhibit A is a handwritten document, signed by Plaintiff on 8/23/17, which states that if his "life comes in danger again and I'm subject to verbal and physical harm" fines, of various amounts as stated in Exhibit A, will be imposed on those responsible. Plaintiff lists the parties served with the Notice of Terms: Murillo, Bart, J. Diaz, Ramirez and "committee parties."

Plaintiff's back arm and cussed at him and both Plaintiff and cussed at each other. A. Murillo continued to lift up Plaintiff's arms and cussing at him. Plaintiff told him he was hurting Plaintiff. A. Murillo then took Plaintiff to the class he was supposed to be in. Plaintiff filed an appeal.

When Plaintiff went to committee on September 7, 2017, they did not give him single cell status. Plaintiff sent a letter to the Warden explaining the Notice of Terms. J. Diaz then came to Plaintiff and told him that Plaintiff would get a celly, and if he did not take a celly, Plaintiff would get written up. Plaintiff believed that he was getting set up to be beaten up. When Plaintiff filed his appeal #17-02279, he sent his Notice of Terms to "safeguard his life" regarding A. Murillo.

Plaintiff does not provide any context for the allegations of a cellmate assault on him but states as follows: "I was cut on my upper left eyebrow, bleeding, I was pepper sprayed and not given a shower, I tried to wash it off but shivered and tossed from the burning. I woke up with my bed orange and given a shower in the morning." Plaintiff was moved the next few days. Plaintiff alleges there's a coverup because the 7219 medical form does not show his injuries. Plaintiff does not say who was involved in the incident described.

Defendant I. Garza and G. Garcia did not log Plaintiff's committee comments. Plaintiff told I. Garza and G. Garcia that Plaintiff did not feel safe and wanted to remain single celled. Defendants Sullivan and Diaz are claiming not have had an RVR or medical report of battery. They write down in committee only the things that benefit them.

Plaintiff alleges assault and battery against A. Murillo, K. Bert and J. Ramirez for cornering Plaintiff in an unapproved area and putting pressure on this arms. (ECF No. 20 p. 10.) Plaintiff also complains of a lost appeal by Defendant Diaz. Plaintiff alleges that J. Diaz, J. Ramirez both lost forms, and the committee participants, I. Garza and G. Garcia, J. Tyree, R. Johnson and William Joe Sullivan, who Plaintiff sent a personal note, were all made award of the documents and "breaching duty owed to [Plaintiff] creating fraud in the inducement." (*Id*. p. 11.) Plaintiff alleges First Amendment for some kind of violation, presumably for the lost forms (his appeals, incident reports, medical treatment forms), but it is unclear from the allegations.

Plaintiff alleges due process and violation of equal protection, but for what activity, the

4

allegations do not state; it appears to be for "throwing away and altering information." (*Id.* at 12.) Plaintiff appears to allege a breach of contract, possibly of the Notice of Terms Plaintiff mentions elsewhere in the complaint. Much of Plaintiff's first amended complaint, p.10- 14, are a recitation of legal authorities and cases citations, but provides only a few factual details of what occurred to Plaintiff, which the Court has attempted to include.  Plaintiff had bodily injury in that his arms were raised up and were then lowered backdown causing him pain.  He had a knee placed on his back which caused him pain and kicked soccer style.  His shoulder was sore for 2 days.  A. Murillo, K. Bert, J. Ramirez took Plaintiff to a corner cussed at Plaintiff and raised Plaintiff's arms three times.  J. Diaz, I Garza, G. Garcia, J. Tyree, R. Johns, William Joe Sullivan were aware of a hostile environment.

As remedies, Plaintiff seeks injunctive relief to removed documents from his central file; compensatory and punitive damages; allow his mother legal mail privileges.

### III. Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.  Despite being provided relevant legal and pleading standards, Plaintiff has been unable to cure the deficiencies.

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Plaintiff's complaint is not short, and it is not a plain statement of his claims. The amended complaint is less clear as to what occurred and who was involved than the original complaint.

The Court cannot tell what basic issues are involved. In the original complaint, Plaintiff attempted to allege failure to protect because of an assault by his cellmate. Yet, the first amended complaint fails to identify if that is still at issue. Rather, Plaintiff talks about an assault and battery by A. Murillo and others, says he told officers about his concerns, and states that they breached his "contract." Plaintiff was informed that in any amended complaint, he must state clearly what happened, when it happened or who was involved. Plaintiff mentions breach of contract for his "Notice of Terms," due process, retaliation and a whole host of purported constitutional violations without mentioning the basic facts of what happened and who was involved. Plaintiff has been unable to cure this deficiency.

**B. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, (1978); Rizzo v. Goode, 423 U.S. 362, (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff was informed that in his amended complaint, Plaintiff must name individual defendants and allege what each defendant did or did not do that resulted in a violation of his constitutional rights. Plaintiff fails to link every defendant to constitutional violations, although each defendant is mentioned in the allegations.

**C. Supervisor Liability**

Insofar as Plaintiff is attempting to sue Defendants Diaz and Sullivan, or any other

defendant, based solely upon his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002)

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must... demonstrate that his deprivation resulted from an official policy or custom established by a... policymaker possessed with final authority to establish that policy." Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's conclusory statements, without factual support, are insufficient to state a cognizable claim of supervisory liability. See Iqbal, 556 U.S. at 678. Plaintiff alleges that he sent the "Notice of Terms" to Defendants Sullivan and Diaz.  This allegation does not allege plausible claim that any supervisory Defendant participated in or directed the violations, or knew of the violations and failed to act to prevent them. Merely because he sent the Notice of Terms does not mean that they received it or read it.  The Notice of Terms does not identify any specific safety

concern. Plaintiff also has failed to plead facts showing that any policy was a moving force behind the assault. See Willard v. Cal. Dep't of Corr. & Rehab., No. 14-0760, 2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a 'direct causal link' between that policy and the alleged constitutional deprivation.").

### D. Failure to Protect

Although it is not clear from Plaintiff's amended complaint, it appears that Plaintiff may be attempting to allege a failure to protect Plaintiff.

While the Eighth Amendment requires prison officials to provide prisoners with the basic human needs, including reasonable safety, it does not require that the prisoners be comfortable and provided with every amenity." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982). A housing assignment may be "restrictive and even harsh," but will not violate the Eighth Amendment unless it "either inflicts unnecessary or wanton pain or is grossly disproportionate to the severity of crimes warranting imprisonment." Rhodes v. Chapman, 452 U.S. 337, 348–349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981) (finding inmates had no constitutional right to be housed in single cells). Only where prison officials knew or should have known that a housing assignment posed an excessive risk to an inmate's safety will placement with a particular inmate have constitutional implications. Estate of Ford v. Ramirez–Palmer, 301 F.3d 1043, 1050 (9th Cir.2002). To establish a failure to protect claim, the prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). " 'Deliberate indifference' has both subjective and objective components." Labatad v. Corr. Corp. of Am., 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate...safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.' " Labatad, 714 F.3d at 1160 (quoting Farmer, 511 U.S. at 847).

8

Plaintiff alleges he gave the kite to non-party Haro and told the committee that Plaintiff feared for his life.  But Plaintiff fails to adequately allege that any of the defendants knew that Plaintiff was at risk of attack. Although Plaintiff states that he told the committee of safety concerns, there is no indication that any of the defendants were aware of any specific risk of an assault on Plaintiff, or that they were aware of conditions posing a specific risk of harm to Plaintiff.  Indeed, that first amended complaint contains no allegations that Plaintiff was attacked. At most, the allegations as stated in the first amended complaint allege Plaintiff received a kite and he was threatened and expressed generalized fears to the committee. While Plaintiff alleges he was assaulted where he was cut, he fails to state any factual circumstances surrounding the purported assault. "[S]peculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to [an inmate's] future health." Williams v. Wood, 223 F. App'x 670, 671 (9th Cir. 2007) (citation omitted).

### E.  Deliberate Indifference to Serious Medical Need

Plaintiff alleges he was sprayed and not given a shower or clean clothes.

To allege a claim of deliberate indifference, plaintiff must show he had a serious medical need and defendants were deliberately indifferent to that need. A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' " McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Plaintiff fails to state a cognizable claim. Once again, Plaintiff fails to include any factual allegations as to which Defendant knew what about his condition and what actions each Defendant did or did not take. Plaintiff does not allege which Defendant sprayed him or what the circumstances were surrounding the incident. Plaintiff has been unable to cure this deficiency.

////

### F. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014).

The allegations in the complaint are is insufficient to support a claim for retaliation. Plaintiff fails to set forth any factual allegations to support a claim of retaliation because of protected conduct of which each Defendants had knowledge. Plaintiff makes some conclusory and convoluted allegations that he was given a cellmate because he filed an appeal against Murillo. The allegations are not a plain statement of what his claims are. The complaint is difficult to follow, not coherent as to incidents or time and fails to state a claim. Plaintiff has been unable to cure this deficiency.

### G. Excessive Force

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson v. McMillian, 503 U.S. 1, 9 (1992). "The Eighth Amendment's prohibition of

cruel and unusual punishments necessarily excludes from constitutional recognition of de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (citations and quotations omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries). What violates the Eighth Amendment is "the unnecessary and wanton infliction of pain," i.e., infliction of suffering that is "totally without penological justification." Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981).

A. Murillo, K. Bert and J. Ramirez

The allegations of force used by M A. Murillo, K. Bert and J. Ramirez are insufficient to state a cognizable claim.  Plaintiff alleges that he was cuffed and that Murillo raised Plaintiff's arms behind his back three times.  Plaintiff alleges it was painful. More specifically, Plaintiff's allegations fail to demonstrate that Defendants used force maliciously and sadistically to cause Plaintiff harm, rather than in a good-faith effort to maintain or restore discipline. In fact, Plaintiff alleges he and Murillo were cussing at each other during the incident, such that Plaintiff was not complacent, but resisting or combative.  The limited force used here and resulting "soreness," is de minimis force which was warranted by penological justification.

Pepper Spray

Plaintiff fails to identify any defendant who was responsible for pepper spraying Plaintiff or any defendant who knew he had not been decontaminated.  Plaintiff fails to state a cognizable claim.

**H. Inmate Appeal Process/Lost Forms**

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005).

Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Failing to properly process a grievance does not

constitute a due process violation. See, e.g., Wright v. Shannon, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Williams v. Cate, No. 1:09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). Plaintiff does not have any protected due process right for "loss" of his forms or for failure to complete the Form 7219 correctly. Accordingly, Plaintiff fails to state a cognizable claim for the lack of processing and/or handling of his inmate appeals or loss of forms.

I. **State Law Claims**

Plaintiff alleges breach of contract and possibly tort claims against each Defendant.

Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367.

Further, the Government Claims Act requires exhaustion of Plaintiff's state law tort claims with the California Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 208–09 (Cal. 2007); State v. Superior Court of Kings Cty. (Bodde), 32 Cal. 4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim– Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff has failed to allege compliance with the Government Claims Act.

///

**IV.     Conclusion and Order**

For the reasons stated, Plaintiff's first amended complaint fails to state a cognizable claim for relief.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **March 19, 2021**              /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE

13