UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO SANDOVAL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DIAZ, *et al.*,<br><br>　　　　　Defendants. | No.  1:20-cv-01314-NONE-BAM (PC)<br><br>ORDER ADOPTING IN PART AMENDED FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(Doc. No. 27) |

Plaintiff Julio Sandoval is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. In his first amended complaint, plaintiff appears to allege[1] that he has been the victim of two assaults, one by a cellmate and the other by corrections officers. (Doc. No. 20.) Plaintiff avers that the first assault, by the corrections officers, was retaliatory based on inmate grievances plaintiff had been filing and his complaints regarding a cell search. (*Id*. at 5–6.) Plaintiff further alleges that, after a brief time passed and he continued to file inmate grievances, other corrections officers revoked plaintiff's single cell housing status, despite plaintiff having received two notes in prison threatening his life. (*Id*. at 4–5.) During his housing review, plaintiff contends the officers in charge stated they were going to

---

[1] Plaintiff's first amended complaint contains extraneous information and does not narrate in a linear or chronological manner the facts forming the basis of the complaint.  The court has distilled the complaint's allegations as best possible.

1

1  find plaintiff "a nice, warm, cozy celly," which, impliedly, constituted a threat.  (*Id*. at 4, 6–7.)
2  Plaintiff was assigned a cellmate who assaulted him, which plaintiff believes was the corrections
3  officers' intent.  (*Id*.)  During that altercation, plaintiff was doused with pepper spray by officers
4  but was not permitted to shower until the next morning, forcing him to sleep overnight with the
5  noxious residue on his clothes and person.  (*Id*. at 7.)  Plaintiff further relates problems with at
6  least one inmate grievance he filed that was allegedly lost, along with documents related to the
7  assault by his cellmate that are missing or were not filed, all of which plaintiff believes is
8  deliberate.  (*Id*. at 5, 7.)  Plaintiff appears to allege that these allegations support claims based
9  upon the Eighth Amendment, First Amendment, and Fourteenth Amendment, as well as possibly
10 state contract and tort claims.  (*Id*.)  This matter was referred to a United States Magistrate Judge
11 pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.
12      On March 22, 2021, the assigned magistrate judge screened plaintiff's first amended
13 complaint and issued findings and recommendations recommending that the federal claims in this
14 action be dismissed based on plaintiff's failure to state a cognizable claim upon which relief may
15 be granted and that the court decline to exercise supplemental jurisdiction over plaintiff's state
16 law claims.  (Doc. No. 27.)  The magistrate judge found that plaintiff's first amended complaint
17 contains neither a short nor a plain statement of facts and thus does not conform with Federal
18 Rule of Civil Procedure 8.  (*Id*. at 5–6.)  The magistrate judge further found that while plaintiff
19 mentioned each defendant in his factual allegations, he had not clearly linked each named
20 defendant's actions or omissions to an asserted constitutional violation.  (*Id*. at 6.)  The magistrate
21 judge observed that plaintiff also appeared to allege supervisor liability against certain
22 defendants, even though a supervisor cannot be liable under a theory of *respondeat superior* in a
23 § 1983 action.  (*Id*. at 7–8.)  Finally, the magistrate judge examined the constitutional violations
24 alleged and determined that plaintiff had failed to sufficiently state those claims under the
25 applicable law.  (*Id*. at 8–12.)
26      The findings and recommendations were served on plaintiff and contained notice that any
27 objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 13.)  Following
28 an extension of time, plaintiff timely filed objections on April 12, 2021.  (Doc. No. 30.)  In his

objections, plaintiff reiterates and rephrases portions of his first amended complaint to argue that it sufficiently states his claims. (*Id*.) While very limited portions of the objections do clarify some allegations in plaintiff's first amended complaint, plaintiff's objections cannot substitute for a short and plain statement of facts in the complaint. Overall, plaintiff's objections do not address the magistrate judge's specific legal findings and also do not address plaintiff's own failure to comply with Rule 8. On July 12, 2021, plaintiff filed additional objections. (Doc. No. 31.) These later objections, however, only present plaintiff's personal frustrations with the findings and recommendation and do not substantively further plaintiff's arguments.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record and by proper analysis *insofar* as the magistrate judge concluded that plaintiff's first amended complaint does not comport with Federal Rule of Civil Procedure 8 and fails to state a cognizable federal claim. Because the court concludes as such, it need not and does not reach the additional grounds upon which the pending findings and recommendations are based.

Accordingly,

1. The findings and recommendations issued on March 22, 2021, (Doc. No. 27), are adopted in full;
2. The federal claims in this action are dismissed, with prejudice, due to plaintiff's failure to state a claim upon which relief may be granted;
3. The exercise of supplemental jurisdiction over plaintiff's state law claims is declined, and the state law claims are dismissed, without prejudice; and
4. The Clerk of the Court is directed to assign a district judge to this case for the purpose of closing the case and then to close this case.

IT IS SO ORDERED.

Dated:  **September 29, 2021**                        /s/ Dale A. Drozd
                                                UNITED STATES DISTRICT JUDGE

3